[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff in this action Mark Lewis, D/B/A Collinsville Power Equipment entered into a partnership arrangement with the defendant Jack Slotnick under which the defendant would see to getting a standing platform lawn mower attachment manufactured for a cheaper price than it was costing the plaintiff to put it together himself. The plaintiff had designed this platform, was manufacturing it himself and was selling it in his store. A total of $4,140.50 was paid out by the plaintiff over a period of nine months, beginning November 18, 1991 and ending August 14, 1992. These payments were in the form of checks made out to the different suppliers and given to the defendant to be paid to these suppliers. The cancelled checks in evidence show these checks were received by those suppliers and cashed by them. By August of 1992 the plaintiff had not received any of the platforms.
The allegations of count one of the complaint are that numerous platforms were to be constructed and that in return for the defendant's promise to purchase materials, produce and market these platforms, the parties were to split the profits.
At a cost of $58.00 per platform the $4,140.50 would have produced some 70 platforms. Allowing for 100% profit on their sale, the plaintiff would have realized one-half of $4,060.00 ($58.00 X 70) or $2,030.00. The court allows the profit of $2,030.00 in addition to the $4,140.50 paid out by the plaintiff for a total judgment of $6,270.50.
We do not address the second count of the complaint since that count has already been ruled on by the court as not alleging a cause of action cognizable under the Connecticut Unfair Trade Practices Act. CT Page 1854
Judgment may enter for the plaintiff against the defendant on count one in the amount of $6,790.00.
Mary R. Hennessey, Judge